UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

CARLY BECK, on behalf of herself and )
all others similarly situated, )
                                           )    Case No. 3:16-cv-455
               Plaintiff, )    The Honorable Thomas M. Rose
                                           )
                                           )
                                           )
STONY HOLLOW LANDFILL, INC., )
                                           )
               Defendant. )

# FINAL JUDGMENT AND ORDER

Pursuant to the Order Preliminarily Approving Settlement, Conditionally Certifying Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Settlement Fairness Hearing, dated July 12, 2018 (the "Preliminary Approval Order") and on application for final approval of the proposed Settlement Agreement, this matter came before the Court for the Settlement Fairness Hearing on November 20, 2018.

The Named Plaintiff, on behalf of herself and the Settlement Class Members, seek final approval of the Settlement Agreement in its entirety, including an award of attorneys' fees and expenses to Class Counsel, an incentive award to Named Plaintiff, and the allocation of the remaining funds to the Settlement Class Members. Defendant seeks final approval of the Settlement Agreement in terms of only the aggregate consideration offered by them to the Settlement Class as being a fair, reasonable, and adequate resolution of this Litigation and all released claims. In addition to their filings, the parties, through their counsel, attended and participated in the Settlement Fairness Hearing.

Pursuant to the Preliminary Approval Order, notice of the Settlement was given to potential Settlement Class Members, which was adequate and sufficient notice of the proposed

Settlement Agreement and the Settlement Fairness Hearing. Among other things, the notice also advised potential Settlement Class Members of the opportunity to object to the proposed settlement or to opt out of the Settlement Class. Notice of the proposed settlement was also properly given to the appropriate state and federal agencies pursuant to 28 U.S.C. § 1715. At the Settlement Fairness Hearing, all objections that were properly and timely made, if any, by or on behalf of any Settlement Class Member were duly considered and are hereby overruled.

The Court, having read and fully considered the terms of the proposed Settlement Agreement and all related submissions, and finding that good cause having been shown:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. Except as otherwise defined herein, all initial-capitalized terms used in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

2. The Court has jurisdiction over this Litigation and the parties to the Settlement Agreement, including the Settlement Class Members.

3. Federal policy favors the settlement of class actions. *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007). Having considered that a class action settlement should be approved only if it is fair, reasonable, and adequate after comparing the terms of the settlement with the likely rewards of litigation, *see* Rule 23(e)(2); having considered that, in assessing the reasonableness and adequacy of a settlement in a class action, the Sixth Circuit has instructed district courts to consider the following factors:

    (a)    the risk of fraud or collusion;

    (b)    the complexity, expense, and likely duration of the litigation;

    (c)    the amount of discovery engaged in by the parties;

(d) the likelihood of success on the merits;

(e) the opinions of class counsel and class representatives;

(f) the reaction of absent class members; and

(g) the public interest,

see *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am.*, 497 F.3d at 631; *Eliason v. Gentek Bldg. Prods., Inc.*, No. 1:10cv2093, 2013 WL 12284495, at *1 (N.D. Ohio Aug. 1, 2013); *Merkner v. AK Steel Corp.*, No. 1:09cv423-TSB, 2011 WL 13202401, at *1 (S.D. Ohio Jan. 10, 2010); in light of and having considered those factors, and having considered negotiation of, the terms of, and all of the materials submitted concerning the proposed Settlement Agreement; having considered the Named Plaintiff's likelihood of success of the claims in the Complaint at trial and the possibility that Defendant could prevail on one or more of the defenses pleaded in the Answer; having considered the range of the Named Plaintiff's (and the putative class's) possible recovery and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

(i) the Settlement was entered into in good faith being fairly and honestly negotiated;

(ii) the outcome of the Litigation is in doubt;

(iii) it is possible the proposed Settlement Class could receive more if the Litigation were to go through trial, but that it is also quite possible that the proposed Settlement Class could receive less and/or that Defendant could defeat certification,

(iv) the value of immediate recovery outweighs the possibility of future relief which would likely occur, if at all, only after further protracted litigation and appeals,

(v) the parties have in good faith determined the Settlement Agreement is in their respective best interests, including both the Named Plaintiff and Class Counsel determining that it is in the best interest of the Settlement Class Members,

(vi) the aggregate consideration, including both the Settlement Fund to which Defendant shall contribute and the improvement measures that the Defendant will implement before the end of 2022, is commensurate with the claims asserted and that will be released as part of the settlement, and

(vii) the proposed Settlement Agreement's terms fall well within the range of settlement terms that would be considered fair, reasonable, and adequate resolution of the Litigation.

Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement (final signature dated July 11, 2018), relating to the above-captioned Litigation are hereby finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Settlement Class and each of the Settlement Class Members, in light of the factual, legal, practical, and procedural considerations raised by this Litigation. The Court further finds that the Settlement Agreement complies with the applicable requirements under Ohio and Federal law, the Rules of the Court, any other applicable law, and due process requirements.

4. Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(3)(A)-(C), this Court hereby finally certifies the following Settlement Class:

> All owner/occupants and renters of residential property residing within approximately 2.5 miles of the landfill's property boundary (as specifically delineated in the Class Area Map, attached as Exhibit A to the Settlement Agreement) during the time period of October 31, 2012 through the Effective Date.

Excluded from the Settlement Class are all potential Settlement Class Members listed on Exhibit 1, each of whom timely complied with the requirements set forth in the Class Notice to exclude themselves from and opt out of the Settlement Class and the Settlement Agreement; thus, none of the individuals identified on Exhibit 1 are bound by this Final Judgment and Order.

5. The Court appoints Named Plaintiff Carly Beck as representative of the Settlement Class. Pursuant to Rule 23(g), the Court appoints Steven D. Liddle, Esq. and Nicholas A. Coulson, Esq. as Class Counsel.

6. Pursuant to Rule 23(e)(1) and all applicable law, notice was properly given to the potential Settlement Class Members in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order. The Class Notice and the Publication Notice, both of which the Court approved in the Preliminary Approval Order, are written in plain English, clear, concise, and readily understandable. The Class Notice was sent by Class Counsel by mail to each reasonably identifiable (as noted in the Settlement Agreement) residential address within the Class Area. The Publication Notice was published in certain newspapers in the relevant Ohio counties. The Class Notice and other relevant information and documents (*e.g.*, the Complaint, the Preliminary Approval Order, and the Settlement Agreement with all of its exhibits) were posted on a generally accessible website identified in both the Class Notice and the Publication

Notice. The notices provided an address, an e-mail address, a website, and a toll-free telephone number for the potential Settlement Class Members to contact if they needed or wanted additional information. The Court finds that the notification provided for and given to the Settlement Class (a) constitutes the best notice practicable under the circumstances; (b) was reasonably calculated to apprise potential Settlement Class Members of the existence of and their rights related to the Litigation and the terms and conditions of the proposed Settlement Agreement; (c) constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (d) is in full compliance with all applicable requirements of Ohio and Federal law, the Rules of the Court, any other applicable law and due process requirements. Class Counsel shall continue to host and maintain the website until six (6) months following the Effective Date, at which time Class Counsel shall discontinue the website and ensure that all information posted on it is no longer accessible.

7. Pursuant to 28 U.S.C. § 1715, notice was properly given to the appropriate federal and state agencies, including the United States Attorney General, the Attorney General for the State of Ohio, and the Ohio Environmental Protection Agency. Each such notice was sent more than ninety (90) days ago, thereby complying with the statutory notice period.

8. Pursuant to Rule 23(e), having ruled that due and adequate notice was provided to the potential Settlement Class Members and that they were afforded an opportunity to participate in the proceedings and object to the Settlement Agreement or to exclude themselves from the settlement by opting out of the Settlement Class, it is hereby determined that each Settlement Class Member (whether or not the Settlement Class Member objected, submitted a Claim Form, or otherwise participated in the Litigation, the settlement, or the approval process) shall be bound by the terms and provisions of the Settlement Agreement and this Final Judgment and Order,

including the releases and covenants not to sue set forth in the Settlement Agreement, which are hereby incorporated by reference and become part of this Final Judgment and Order. As Defendant was not in control of or did not participate in the effectuation of Notice or the maintenance, allocation, or distribution of the Settlement Fund, Defendant shall not have any liability for those aspects of the settlement, nor shall they affect the validity or binding nature of this Final Judgment and Order or the Settlement Agreement, including, without limitation, the release afforded to the Released Parties.

9. Pursuant to the terms of the Settlement Agreement, within five (5) business days of the date this Final Judgment and Order becomes Final and non-appealable, Defendant shall fund the Settlement Fund, which shall be held by Class Counsel in trust in a Qualified Settlement Fund ("QSF") account under the Internal Revenue Code. Specifically, Defendant shall deposit One Million Eight Hundred and Seventy Five Thousand Dollars ($1,875,000) by check or wire or electronic transfer to Liddle & Dubin, P.C., in a QSF trust account established by Class Counsel. Upon request from Defendant, Class Counsel shall promptly provide deposit or wire or electronic transfer instructions. The deposit by Defendant, in combination with the improvement measures, shall fully satisfy each and every obligation of Defendant to the Named Plaintiff, Class Counsel, the Settlement Class, and each Settlement Class Member concerning this Litigation, the Settlement Agreement, and the released claims until the date this Final Judgment and Order becomes Final and non-appealable. Defendant shall implement the improvement measures as set forth in the Settlement Agreement, which implementation shall be completed by December 31,

2022, during which time the Settlement Class Members shall be prohibited from asserting any claims concerning emissions from the Landfill as set forth in the Settlement Agreement.

10. All claims against Defendant are hereby dismissed on the merits and with prejudice.

11. The Plaintiffs, including the Named Plaintiff and all Settlement Class Members, are barred and permanently enjoined from instituting, maintaining, prosecuting, or continuing to maintain or prosecute against the Released Parties any claim or action in any jurisdiction for which a release or covenant not to sue is being given under the Settlement Agreement in or arising out of or in any way relating to any act, failure to act, omission, representation or misrepresentation, fact, event, transaction, occurrence, or other matters set forth, alleged, or otherwise referenced in the Litigation, including without limitation all claims for violation of federal, state, foreign, common, or other law, any suit or action against any of the Released Parties based upon any claim, demand, action, cause of action, or liability of any nature whatsoever, whether known or unknown that any of them ever had, now have, can have, or shall or may hereafter have, except that nothing herein releases (a) any claim arising out of the violation or breach of the Settlement Agreement; (b) any claim related to emissions occurring after the Effective Date (pursuant to the terms of Section 7(c) of the Settlement Agreement); or (c) any claim for medical harm or personal injuries.

12. This Court hereby retains jurisdiction over all matters relating to the interpretation, effectuation, and enforcement of the Settlement Agreement. The Court retains further jurisdiction to enforce this Final Judgment and Order and the distribution of the

Settlement Fund.  The reservation of jurisdiction by this Court in this matter does not affect in any way the finality of this Final Judgment and Order.

13. This Final Judgment and Order, the settlement, and all documents, negotiations, statements, or proceedings relating to it are not and shall not be construed to be an admission or concession by any Released Party of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any such liability or wrongdoing in this or any other proceeding. Moreover, this Settlement Agreement and all related documents are not and shall not be construed to be an admission or concession by any Released Party of acquiescence to class certification in any case other than this case's settlement class for settlement purposes only. None of this information may be offered or received as evidence or argument against Defendant of any wrongdoing or to limit their ability to take any position they would otherwise be able to take in this or any other proceeding absent the settlement or the Litigation.

14. This Order and Final Judgment, the settlement, and all papers relating thereto are not and shall not be construed to be an admission or concession by Plaintiffs with regard to the merits of their claims whatsoever, and shall not be offered as evidence as to the merits in this or any other proceeding.

15. There is no just reason for delay in the entry of this Final Judgment and Order as a final judgment.  Furthermore, there is reason to enter and certify it as a final judgment, including without limitation that doing so will expedite any appeal, which, in turn, will shorten the time it will take for this Final Judgment and Order either (a) to become Final and non-appealable thereby expediting the distribution of the Settlement Fund to the Settlement Class Members or (b) to be overturned on appeal thereby facilitating a modified settlement or the reconvening of

the Litigation. The Court expressly directs the Clerk of the Court to enter this Final Judgment and Order as a final judgment pursuant to Rule 54(b).

16. In the event that this Final Judgment and Order fails to become Final and non-appealable for any reason, including without limitation that it is reversed on appeal and/or the Settlement Agreement is terminated, then this Final Judgment and Order, the Preliminary Approval Order, and all related orders from this Court shall be automatically rendered null and void and shall be deemed vacated. In such event, the parties and the putative class members shall be returned to the same litigation position that they were in prior to seeking preliminary approval of the Settlement Agreement, and they shall be free to raise all claims, defenses, and arguments as they would have been able to had they never negotiated or sought approval of the Settlement Agreement. This includes the Released Parties' right to oppose class certification on any and all grounds (including but not limited to Rule 23(a) and (b)(3)(A)-(C)). Class Counsel shall also immediately terminate the website.

The Clerk is directed to enter this Judgment forthwith as the final judgment of this Court. SO ORDERED.

*s/Thomas M. Rose*

_____
Thomas M. Rose, United States District Judge

Dated: <u>November 26, 2018</u>